UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ROBIN D.,<br><br>    *Plaintiff,*<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>    *Defendant.* | Case No. 1:23-cv-01438-RLH |

### ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b). (Doc. 19.) The Commissioner did not respond to the motion, so the Court presumes that it is unopposed and is entitled to rule without further notice to the parties. *See* Civil LR 7.1(B)(2). Because Plaintiff's request is reasonable and otherwise complies with § 406(b), the motion is GRANTED.

### BACKGROUND

Plaintiff applied for disability benefits in April 2020. (Doc. 10 at 3.) After her application was denied at the administrative level, Plaintiff appealed to this Court. (Doc. 1.) The parties consented to final disposition by a U.S. magistrate judge, (Doc. 8), and Plaintiff filed her brief in March 2024, (Doc. 10). The Commissioner responded by moving to remand the case, which Plaintiff joined. (Doc. 14.) Judgment was entered in May 2024. (Doc. 16.)

Further proceedings at the administrative level followed, and Plaintiff received a favorable decision. (Doc. 19 at 2.) She was awarded $37,893.00 in past-due benefits.

(Doc. 19-1 at 3.) Plaintiff's counsel then moved for attorneys' fees under the Equal Access to Justice Act ("EAJA"), which this Court granted in the amount of $6,078.76. (Doc. 18.) Plaintiff now moves for attorney's fees under 42 U.S.C. § 406(b). (Doc. 19.)

## LEGAL STANDARD

Section 406(b) "permits attorneys to recover fees for their work in federal court on behalf of Social Security claimants" when the proceedings terminate in the claimant's favor. *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024). In reviewing § 406(b) fee requests, courts must perform an "independent check" to ensure that the request is within the statutory maximum and reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Of course, the "reasonableness" of a fee request depends entirely on the circumstances of a particular case. *See id.* Foremost among those circumstances is whether the claimant-attorney relationship involves a contingency fee agreement. *See Arnold*, 106 F.4th at 601. When it does, the contingency award anchors the court's analysis. *Id.*

A court must therefore begin its analysis "with the contingency award as its polestar and consider whether that amount should be reduced" based on relevant circumstances, such as: (1) counsel's expertise and effort spent on the case, (2) the claimant's satisfaction with the representation, (3) whether counsel engaged in undue delay, (4) the uncertainty of recovery, and (5) how the request compares to similar cases. *See id.*

## DISCUSSION

The Court starts with the contingency fee agreement between Plaintiff and her counsel, which provides that counsel will receive twenty-five percent of any past-due

2

benefits recovered in the case. (Doc. 19-1 at 19.) That fee does not exceed the statutory maximum. *See* 42 U.S.C. § 406(b)(1)(A) (limiting recoverable fees to twenty-five percent "of the total of the past-due benefits" the claimant receives). The sole question, therefore, is whether the circumstances of this case warrant reducing the contingency award. They do not.

The Record reflects that counsel diligently represented Plaintiff and obtained a favorable result. *See Gisbrecht*, 535 U.S. at 808 (explaining that reasonableness depends largely on "the results the representation achieved"). Indeed, after litigating Plaintiff's case in this court, Plaintiff's counsel secured a remand to the administration, who ultimately awarded her benefits.

Moreover, nothing in the Record suggests that Plaintiff is dissatisfied with her counsel's representation or that counsel delayed the proceedings. And the contingent nature of the fee agreement—along with the fact that counsel is an experienced social security practitioner who achieved his client's desired result—renders the fee sought reasonable. (Doc. 19 at 5–6.) As courts have explained, representing social security claimants on a contingent basis always "involves some risk, and recovery is uncertain until a final decision is rendered." *Strong v. O'Malley*, No. 4:21-cv-54, 2024 WL 3935530, at *2 (N.D. Ind. Aug. 23, 2024).

Courts then ask whether the fee sought is consistent with those awarded in comparable cases. Plaintiff's fee request is for $6,897.31, which represents less than 25% of Plaintiff's past-due benefits. Because Plaintiff's counsel spent 26.5 hours in

federal court, the effective rate would be $260.28 per hour. That rate is comparable to—if not well below—rates that courts have approved in similar cases.[1]

Finally, § 406(b)(1)(A) forbids a lawyer from recovering more than twenty-five percent of the claimant's past-due benefits, even when the lawyer would otherwise be entitled to recover fees under a different statute. So, when a court approves a fee request under § 406(b), counsel generally must refund any amount previously awarded under the EAJA. *See Gisbrecht*, 535 U.S. at 796. Plaintiff's counsel recognizes this limitation but makes an alternative request: Rather than award the full $6,897.31 in § 406(b) fees and order return of the $6,078.76 in EAJA fees, he asks the Court to subtract the EAJA fee amount from the § 406(b) amount, and award the remainder ($818.55). This is known as the "netting method," and it is within the district court's discretion whether to allow it. *See O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020). Because it strikes the Court as sensible to allow Plaintiff's counsel to retain the EAJA award and receive the difference between that amount and the §406(b) award, the Court will grant this request.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's (Doc. 19) Motion for an Award of Attorney's Fees Under § 406(b) is GRANTED. Plaintiff's counsel may retain the $6,078.76 in EAJA fees previously received, and the Commissioner shall disperse the

---

[1] *See, e.g.*, *Plummer v. O'Malley*, No. 1:23-cv-85, 2024 WL 4880436, at *2 (N.D. Ind. Nov. 22, 2024) (approving fee request under § 406(b) for an hourly rate of $3,227.48); *Wattles v. Comm'r of Soc. Sec.*, No. 2:10-cv-2108, 2012 WL 169967, at *1 (C.D. Ill. Jan. 18, 2012) ($3,125); *Polli v. Berryhill*, No. 17-cv-1102, 2019 WL 10248978 (N.D. Ill. Feb. 27, 2019) ($1,805.00); *Summer v. Kijakazi*, 2:20-cv-483 (N.D. Ind. July 18, 2023) ($1,850.00); *Narug v. Comm'r of Soc. Sec.*, No. 2:19-cv-490, 2022 WL 3714743 (N.D. Ind. Aug. 29, 2022) ($2,450.60).

4

5

net balance of $818.55 from any of Plaintiff's past-due benefits still being withheld, in accordance with agency policy.

*So ordered.*

Entered this 22nd day of January 2026.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge

5